## Jelic *v.* Jamison Coal & Coke Company, Appellant.

*Negligence—Master and servant—Mines and mining—Inexperienced minor—Striking unexploded charge with pick—Employer's duty to warn of danger—Instruction—Delegation—Custom—Fellow servant—Case for jury.*

1. Where an employer delegates an older and experienced fellow servant of an inexperienced employee to instruct and qualify him for service, the employer is liable for the negligence or omission of the instructor, if, by reason of it, the employee suffers injury. A servant delegated to instruct the employee stands for this purpose in the place of the employer.

2. In an action against a coal mining company to recover for personal injuries sustained by a minor in defendant's employ due to the failure of the defendant to give him proper instructions as to the danger to which he might be subjected from unexploded charges having been left in the coal where he was directed to work, or as to the proper method of avoiding injury from such unexploded shots, the case is for the jury and a verdict for plaintiff will be sustained where it appeared that prior to the accident plaintiff had been employed in various coal mines for fourteen months, but with a limited experience in the use of explosives; that as a rule he had worked with experienced miners, but on the morning of the accident was working alone digging coal when he stuck his pick into the coal at a point five or six inches from a hole and an explosion immediately followed, causing the injuries complained of; that plaintiff was ignorant of the danger from unexploded shots in the coal, and had never been warned to look out for them or instructed as to the proper method of guarding against injury from them, although the testimony tended to show a custom to give such instruction.

3. In such case, although the failure to report the existence of the unexploded charges was due to the negligence of another miner, a fellow workman of the plaintiff, the fellow-servant rule is not applicable.

Argued Oct. 15, 1917.    Appeal, No. 142, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 78, on verdict for plaintiff in case of Mike Jelic, a Minor, otherwise known as Check No. 5, by his Brother and next Friend, Vincent Jelic, v. Jamison Coal

& Coke Company, a Corporation.    Before BROWN, C. J.,
POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Trespass for personal injuries.    Before SHAFER, P. J.
The facts appear by the opinion of the Supreme Court.
Verdict for plaintiff for $2,000 and judgment thereon.
Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

*Robert W. Smith,* of *Moorhead & Smith,* with him
*William S. Moorhead,* for appellant.—A master is not
answerable, as a rule, for an injury to adults with experience, nor for an injury to young persons who have
had experience from which a knowledge of danger may
reasonably be presumed and discretion which prompts
one to take care of himself.    Under this rule plaintiff's
fourteen months' experience precludes him from recovery: Stitzel v. Wilhelm Co., 220 Pa. 564.

The proximate cause of the injury was the negligence
of a fellow servant, and defendant was not obliged, in
the absence of actual knowledge of the existence of the
particular danger, to anticipate that the fellow servant
of the plaintiff would be negligent: Crown Cotton Mills
v. McNally, 51 S. E.. Repr. 13; Klos v. Hudson River O.
& I. Co., 77 N. Y. App. Div. 566; Siddall v. Pacific Mills,
162 Mass. 379; Fay v. Wilmarth et al., 66 N. E. Repr.
410; Melchert v. Smith Brewing Company, 140 Pa. 448;
Lewis v. Wood, 247 Pa. 545.

The danger which plaintiff encountered was a transitory danger which arose during the progress of the work
and with respect to which there is no duty of instruction: Miller v. American Bridge Co., 216 Pa. 559; Eddleman v. Pennsylvania Co., 223 Pa. 318.

The duty of instruction of the particular danger in
this case, if such duty existed, was the duty of the mine

foreman, and for his neglect the defendant is not liable: Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124.

*T. M. Gealey,* with him *A. J. Eckles,* for appellee.— Plaintiff was about fifteen or sixteen years of age and was not an experienced miner: Long v. Greenough Red Ash Coal Co., 59 Pa. Superior Ct. 235.

There is a duty upon the defendant to warn plaintiff of the danger: Standard Oil Co. v. Brown, 218 U. S. Rep. 78; Grace & Hyde v. Kennedy, 99 Fed. Rep. 679; Blaisdell v. Davis Paper Co., 77 Atl. Repr. 485; Holshouser v. Denver Gas & Electric Co., 72 Pac. Repr. 289.

The duty to instruct inexperienced employees is an absolute common law duty resting upon the employer, and when the employer seeks exemption from such duty he must point to some express statute exempting him from such, or placing that duty on some one else; the duty to instruct was not that of the mine foreman: Reeder v. Lehigh Valley Coal Co., 231 Pa. 563; Roszina v. Howard Gas Coal Co., 251 Pa. 298; Thorne v. Philadelphia Rapid Transit Co., 237 Pa. 20.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

In this action, the plaintiff, a coal miner formerly in the employ of the defendant company, sought to recover damages for injuries suffered by him, resulting, as he alleged, from the failure of the defendant to give him proper instructions as to the danger to which he might be subjected from unexploded charges having been left in the coal where he was directed to work, or as to the proper method for avoiding injury from such unexploded shots. It was contended upon behalf of defendant, that, under the facts of the case, it was under no duty to give him such instructions. It appears from the record that, prior to the accident, the plaintiff had been employed in various coal mines for some fourteen months, but, with a limited experience in the use of explosives. He testified that he had as a rule worked with experienced miners, but on the morning of the accident,

he was working alone digging coal, when he saw a hole in the face of the coal, about three feet above the ground. He stuck his pick into the coal at a point some five or six inches from the hole, and an explosion immediately followed, inflicting upon him severe injury. Plaintiff testified that he was ignorant of the danger of injury from unexploded shots in the coal, and had never been warned to look out for them, or instructed as to the proper method of guarding against injury from them. Other witnesses, experienced in coal mining, testified on his behalf that an unexploded shot or charge might have been left in the hole by a miner who had previously been working in the same room and that this charge might have been exploded by the blow from plaintiff's pick. The sufficiency of this explanation, as to the cause of the accident, was not seriously questioned by defendant, nor did it offer testimony which threw any further light upon the subject. In the course of his cross-examination of J. D. Humphries, a witness for plaintiff, counsel for defendant brought out, by a leading question, the fact that it is the universal custom with all mining companies to instruct miners, when they charge a hole that fails to go off, (which rarely happens), to put up a danger board, and leave that working place at once, and report the condition to the mine foreman, the assistant mine foreman, or the first boss. Admittedly no such instruction was given to plaintiff by the defendant in this case. It is true that the failure to report the existence of the unexploded charge was due to the negligence of another miner, a fellow workman of the plaintiff, and ordinarily an employer is not called upon to instruct an employee with respect to dangers which may result from the negligence of fellow servants. But in this instance the employer was carrying on a business involving some danger to its employees, and it appeared that defendant knew of the possibility of special danger from unexploded shots, and that it had adopted a special rule for the conduct of the miners to guard them against injury

from that source.   The defendant company was, there-
fore, bound to instruct its employees clearly and un-
equivocally with respect to that danger and as to the
means of avoiding it.   The stringency of the rule
adopted for the guidance of the miners, in dealing with
unexploded charges when they were discovered, shows
that the mining companies fully appreciated the fact of
possible danger from that cause.   It appears from the
testimony that a charge of dynamite or other explosive
placed in the coal and fired by the use of an electric bat-
tery seldom failed to explode, but when one did miss fire,
the miner was not expected or permitted to deal with the
situation, but was required to report the circumstances,
and the matter was turned over to one more skilled in the
use of explosives.   Unless the plaintiff knew of the
danger to be apprehended from unexploded shots, he
could not protect himself therefrom, and unless he
knew of the rule of the company, made for his pro-
tection, he could not be expected to comply with what the
company regarded as an important regulation.   Plaintiff
testified that he was not made acquainted with the dan-
ger to be incurred from an unexploded shot, and had no
knowledge concerning it, and the court below could not
have said, as a matter of law, that the danger was obvious
to ordinary inspection.   The testimony tends to show that
it was the custom of older and experienced miners to in-
struct the inexperienced men associated with them part-
ly for that purpose, with respect to the dangers of the
business, and that this instruction should include direc-
tions for dealing with holes in the coal which, to the eye
of an experienced miner, indicated that they might con-
tain unexploded shots.   Whether or not the defendant
in this case depended entirely upon this method of in-
struction does not clearly appear from the testimony,
but, if the employer delegated older and experienced fel-
low servants of the inexperienced men, to instruct and
qualify them for service, it was liable for the negligence
or omission of the instructor, if, by reason of it, the em-

ployee suffered injury. A servant delegated to instruct the employee stands for this purpose in the place of the employer, and the latter is liable for his default. In any event, it is clear from the evidence that it was the duty of the defendant to see that the plaintiff was duly warned of the danger of injury from unexploded shots remaining in the coal which he was directed to take out, a danger fully recognized by the defendant, but, according to his testimony, unknown to the plaintiff. Whether or not the defendant discharged its duty in this respect was a question of fact for the jury, and, under the evidence, the trial court would not have been justified in determining it as matter of law.

The assignments of error are overruled, and the judgment is affirmed.